UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARWIN JIMENEZ VEGA, WILMER ORELLANA, DAVID AGUILERA ALVAREZ, ROBINSON AGUILERA RIVAS, OLVAN CRUZ MEJIA, EDWIN GARCIA MOLINA, JECSON GONZALEZ MACHADO, GERMAN HERNANDEZ CASTRO, CLAUDIA ORELLANA GOMEZ, JONATHAN CASTILLO LOPEZ, FRANKLIN LAINEZ ORDONEZ, THE ESTATE OF MELVIN ORELLANA, JOSE LAINEZ, JUNIOR GONZALEZ, and LUIS ORELLANA MARTINEZ
Individually, and on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

FOX BUILDING GROUP, INC.,
FENIX FINISHING, LLC, and
VEGA'S DRYWALL CONTRACTING, LLC,

        Defendants.
_____

6:24-cv-785
(ECC/MJK)

Samantha R. Galina, *for Plaintiffs*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

    On December 14, 2023, Plaintiffs filed this action in the Eastern District of Virginia.[1] Dkt. No. 1. The Amended Complaint alleges overtime and untimely payment violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*., and under New York Labor Law and supporting regulations, N.Y. Lab. Law. §§ 191, 198 and N.Y. Comp. Codes. R. & Regs. tit. 12,

---

[1] The case was later transferred to this Court. Dkt. No. 34.

§ 142-2.2, against Vega's Drywall Contracting, LLC (Vega's Drywall) and the other named Defendants. Amended Complaint (Am. Compl.), Dkt. No. 56. Vega's Drywall has not filed an answer to the Amended Complaint. Plaintiffs have requested and obtained an entry of default against Vega's Drywall from the Clerk of Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. No. 80. Plaintiffs now move for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure and for a hearing to determine damages. Dkt. No. 84.

For the reasons set forth below, Plaintiffs' motion is denied. To the extent that Plaintiffs intend to file an amended complaint, they shall do so on or before July 11, 2025 or judgment dismissing Vega's Drywall as a defendant shall be entered.

## I. BACKGROUND[2]

### A. The Parties

Plaintiffs are "blue collar" manual laborers hired to work for Fox Building Group, Inc. (Fox) through subcontractors such as Vega's Drywall. Am. Compl. ¶¶ 15, 42. Fox "contracts" to assist specific construction projects by "providing framing, drywall, and ceiling work." *Id.* ¶ 19. Vega's Drywall is a limited liability company based in Spotsylvania County, Virginia. *Id.* ¶ 12. Its registered agent (and sole member) is Juan Jose Vega.[3]

### B. Plaintiffs' Allegations

Plaintiffs were hired through Vega's Drywall and other similar Fox subcontractors (Labor Brokers) in Virginia to travel to New York to work on construction projects in Binghamton, Utica,

---

[2] The facts are drawn from the Amended Complaint. The well pleaded allegations it contains are deemed admitted and assumed to be true for purposes of this motion. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

[3] *See* Dkt. No. 86 (Juan Jose Vega Aff.) (describing Juan Vega as the "owner" of Vega's Drywall).

2

Rochester, and Syracuse.  Am. Compl. ¶ 18.

In addition to hiring the Plaintiffs, Vega's Drywall and other Labor Brokers "administer[ed] payment[]" to the laborers.  Am. Compl. ¶¶ 28, 53.  The Plaintiffs were paid an hourly wage between $15.00 and $30.00 an hour for every hour worked regardless of total hours worked.  *Id.* ¶ 29.  Despite "working more than [40] hours per week, Plaintiffs did not get paid overtime" at a higher rate.  *Id.* ¶ 32.  Many plaintiffs worked more than 17 hours overtime a week.  *Id.* ¶ 34.  Another Labor Broker, Fenix Finishing LLC, issued paychecks to two of the Plaintiffs for the week of May 15, 2022 to May 21, 2022 that did not reflect an overtime premium.  *Id.* ¶¶ 35–38.

### C. The Motion

Vega's Drywall's registered agent, Juan Jose Vega, was served personally in Fredericksburg, Virginia on November 23, 2024.  Plaintiffs sought an entry of default from the Clerk of Court on January 23, 2025.  Dkt. No. 79.  The Clerk of Court entered default the next day.  Dkt. No. 80.  Plaintiffs then filed their motion for default judgment on January 27, 2025.  Dkt. No. 84.  The day after, Mr. Vega attempted to answer the Amended Complaint on behalf of Vega's Drywall.  *See* Juan Jose Vega Aff.  Mr. Vega also filed a letter "requesting guidance" from the Court.  Dkt. No. 85.  The Court has explained to Mr. Vega several times that limited liability companies, such as Vega's Drywall, cannot be represented in court by non-attorneys, including sole members.  Dkt. Nos. 89, 97.  Vega's Drywall has not retained counsel to respond to the Amended Complaint.

## II.  STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminer, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  First, the plaintiff must obtain a clerk's entry of default under Rule 55(a).  *Id.* at 504.  *See also* Fed. R. Civ.

3

P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Northern District of New York Local Rule (Local Rule) 55.1 (requiring a party "applying to the Clerk" for an entry of default to "submit an affidavit showing" that (1) "the party against whom it seeks a judgment" is "not an infant, in the military, or an incompetent person" and "has failed to plead or otherwise defend the action . . ." and (2) "it has properly served the pleading to which the opposing party has not responded.").

Second, the plaintiff must "apply to the court for entry of a default judgment" under Rule 55(b)(2). *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (cleaned up).

### III. DISCUSSION

#### A. Jurisdiction

Federal subject matter jurisdiction exists because the FLSA claims present a federal question. *See* 28 U.S.C. § 1331. Supplemental jurisdiction exists over the NYLL claims because they share a common nucleus of operative facts as Plaintiffs' FLSA claims. *See* 28 U.S.C. § 1367.

### B. Procedural Requirements

The Clerk of Court entered default January 24, 2025. Dkt. No. 80. As required by Federal Rule of Civil Procedure 55(a) and Local Rule 55.1, Plaintiffs' request for default included an affidavit stating that Vega's Drywall is (1) not an infant, in the military, or an incompetent person, (2) failed to plead or otherwise defend this action, and (3) was properly served with the Amended Complaint. Dkt. No. 79. Vega's Drywall has failed to plead or otherwise defend, despite Mr. Vega's attempt to answer on Vega's Drywall's behalf. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (noting that "a limited liability company also may appear in federal court only through a licensed attorney"). Plaintiffs properly served Vega's Drywall through personal service on Mr. Vega. *See* Fed. R. Civ. P. 4(e)(1); N.Y. C.P.L.R. 311-a (McKinney 2025).

### C. Liability

By failing to answer the complaint or oppose this motion, defendants are deemed to have admitted the well pleaded factual allegations in the complaint. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.") (citation omitted). "Still, the court must ensure the allegations provide a basis for liability and relief, and the court has discretion to require further proof of necessary facts." *Wilmington Sav. Fund Soc'y, FSB as Trustee of Aspen Holdings Tr. v. Fernandez,* 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) (citing *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009)).

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). Even where a

5

defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Indeed, "prior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" *Id.* (cleaned up) (quoting *Finkel*, 577 F.3d at 84).

### 1. FLSA (First Cause of Action)

FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

To state a FLSA overtime claim, plaintiffs must "allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)(1)). Plaintiffs can meet this standard without pointing to a specific week by alleging that "their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during every week in which they worked their regular schedule." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 117 (2d Cir. 2023). If a plaintiff takes this approach, they "need only allege the period of time during which they were employed." *Id.*

Here, Plaintiffs have not sufficiently alleged a FLSA overtime claim. Plaintiffs have not identified any given workweek where Vega's Drywall did not compensate them for worked

overtime. *See Day An Zhang v. L.G. Apparel Inc.*, No. 09-cv-3240, 2011 WL 900183, at *4 (E.D.N.Y. Feb. 18, 2011), *report and recommendation adopted*, No. 9-cv-3240, 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011) (denying default judgment for same deficiency). They have done so only as to another Labor Broker, Fenix, alleging two weeks where two of the Plaintiffs were undercompensated.

Although Plaintiffs have put forward that "[d]espite working more than . . . 40 hours per week" they were not paid an overtime premium, they have failed to specify the period of time during which they were employed by Vega's Drywall as necessary to allege a FLSA overtime claim based on allegations of regularly scheduled overtime.

Based on the foregoing, Plaintiffs' allegations—when accepted as true—do not establish liability under FLSA. Accordingly, the motion for default judgment is denied as to this claim.

### 2. NYLL (Second and Third Causes of Action)

Because "the relevant portions of NYLL do not diverge from the requirements of the FLSA, conclusions about FLSA allegations apply equally to NYLL overtime claims." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013) (cleaned up); *Yanchaliquin v. Chuqui Builders Corp.*, No. 1:23-cv-504 (BKS/CFH), 2023 WL 7299810, at *4 (N.D.N.Y. Nov. 6, 2023). Plaintiffs have, therefore also failed to allege a claim under NYLL. For the same reason, Plaintiffs' NYLL untimely payment claims fail as they pertain to allegedly withheld overtime wages.

## IV.   CONCLUSION

Because Plaintiffs' allegations, when accepted as true, do not establish liability as a matter of law, the motion is denied, and further, Vega's Drywall will be dismissed as a defendant unless the complaint is adequately amended. *See Payamps v. M & M Convenience Deli & Grocery Corp.*,

7

No. 16-cv-4895, 2018 WL 3742696, at *11 (E.D.N.Y. May 18, 2018) (denying default judgment and recommending dismissal unless complaint was made adequate).

For these reasons, it is hereby

**ORDERED** that the Plaintiffs' Motion, Dkt. No. 84, is **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that to the extent Plaintiffs intend to file an amended complaint, they shall do so on or before July 11, 2025; it is further

**ORDERED** that if Plaintiffs fail to file an amended complaint within the time allowed that judgment dismissing Vega's Drywall Contracting, LLC as a defendant shall be entered; it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 27, 2025

_____
Elizabeth C. Coombe
U.S. District Judge

8