UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARWIN JIMENEZ VEGA, WILMER ORELLANA, DAVID AGUILERA ALVAREZ, ROBINSON AGUILERA RIVAS, OLVAN CRUZ MEJIA, EDWIN GARCIA MOLINA, JECSON GONZALEZ MACHADO, GERMAN HERNANDEZ CASTRO, CLAUDIA ORELLANA GOMEZ, JONATHAN CASTILLO LOPEZ, FRANKLIN LAINEZ ORDONEZ, THE ESTATE OF MELVIN ORELLANA, JOSE LAINEZ, JUNIOR GONZALEZ, and LUIS ORELLANA MARTINEZ
Individually, and on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

FOX BUILDING GROUP, INC.,
FENIX FINISHING, LLC,
-and-
VEGA'S DRYWALL CONTRACTING, LLC,

        Defendants.

6:24-cv-785
(ECC/MJK)

---

Samantha R. Galina, *for Plaintiffs*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On December 14, 2023, Plaintiffs filed this action in the Eastern District of Virginia.[1] Dkt. No. 1. The Amended Complaint alleges overtime and untimely payment violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and under New York Labor Law and supporting regulations, N.Y. Lab. Law. §§ 191, 198 and N.Y. Comp. Codes. R. & Regs. tit. 12,

---

[1] The case was later transferred to this Court. Dkt. No. 34.

§ 142-2.2, against Fenix Finishing LLC (Fenix) and the other named Defendants. Amended Complaint (Am. Compl.), Dkt. No. 56. Fenix has not filed an answer to the Amended Complaint. Plaintiffs have requested and obtained an entry of default against Fenix from the Clerk of Court pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. No. 82. Plaintiffs now move for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure and for a hearing to determine damages. Dkt. No. 83

The entry of default is vacated and the motion is denied because Fenix was never served with the Amended Complaint and Summons (the papers).

I.  **BACKGROUND**[2]

Plaintiffs are "blue collar" manual laborers hired to work for Fox Building Group, Inc. (Fox) through subcontractors such as Fenix. Am. Compl. ¶¶ 15, 42. Fenix is a limited liability company based in Petersburg, Virginia, and its registered agent, Lineichka Wickline, has an office at 1443 Weaver Avenue Petersburg, Virginia 23803 (the Office).[3] *Id.* ¶ 11.

Plaintiffs attempted to serve Fenix several times in 2024. *See* Dkt. No. 60 (First Aff.) at 2;[4] Dkt. No. 73 (Second Aff.) at 3. Plaintiffs first posted the papers at the Office on September 4, 2024. First Aff. at 2. On October 10, Plaintiffs requested entry of default. Dkt. No. 62. The Clerk

---

[2] The facts regarding the parties are drawn from the Amended Complaint. The well pleaded allegations it contains are deemed admitted and assumed to be true for purposes of this motion. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

[3] The Court takes judicial notice that 1443 Weaver is a single-family residential dwelling according to Google Maps. Fed. R. Civ. P. 201(b)(2); *S. Nassau Bldg. Corp. v. Town Bd. of Town of Hempstead*, 624 F. Supp. 3d 261, 268 n.5 (E.D.N.Y. 2022); *see Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 n.8 (2d Cir. 2022) (taking judicial notice of Google Maps).

[4] Citations to page numbers refer to pagination generated by the ECF system.

of Court denied entry of default because Plaintiffs attempted to contact Ms. Wickline only once and did not mail her the papers. Dkt. No. 64.

According to the process server, on November 1, 2024, a man answered the door at the Office and "was unable to communicate with the server." Second Aff. at 3. Later that day, a teenager told the process server that Fenix was not "here" and Ms. Wickline did not live there. *Id.* The notes for the next day state, "Now lives in Florida, the owner lives in New York and works for Fox." *Id.* The notes for December 14, 2024 state that a man "who did not speak English called the business owner and gave the phone to the server. Owner stated Ms. Wickline moved to Florida." *Id.* The process server "told him she taped the paper to the door and asked him to call her to have her arrange to obtain it." *Id.*

On January 16, 2025, Plaintiffs requested entry of default, Dkt. No. 75, and the Clerk of Court entered default the next day. Dkt. No. 76.[5] Plaintiffs later moved for default judgment. Dkt. No. 83.

## II. STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminer, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must obtain a clerk's entry of default under Rule 55(a). *Id.* at 504. *See also* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Northern District of New York Local Rule (Local Rule) 55.1 (requiring a party "applying to the Clerk" for an entry of default to "submit an affidavit showing"

---

[5] This entry inadvertently reflected that Fox defaulted. Dkt. No. 76. This was later corrected. Dkt. No. 82.

that (1) "the party against whom it seeks a judgment" is "not an infant, in the military, or an incompetent person," (2) "has failed to plead or otherwise defend the action," and (3) "has properly served the pleading to which the opposing party has not responded").

Second, the plaintiff must "apply to the court for entry of a default judgment" under Rule 55(b)(2). *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Default judgments "are generally disfavored and are reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-cv-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (cleaned up).

### III. DISCUSSION

Whether service was sufficient may be considered before the merits of a default judgment motion are addressed. *United States v. Real Property Commonly Known as 26 Everett Rd., Colonie, New York 12205*, No. 1:23-CV-1473 (AMN/CFH), 2024 WL 3376495, at *4 (N.D.N.Y. July 11, 2024); *see SEC v. Bahgat*, No. 17-cv-971, 2023 WL 3491733, at *3 (W.D.N.Y. May 17, 2023) (noting that "a district court may in its discretion—and perhaps must—assess the sufficiency of service") (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)); *Lliviganay v. Cipriani 110 LLC*, No. 09-cv-0737, 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (noting that absence of proper service "is an independent obstacle to a default

judgment"). Here, Fenix was not properly served.

Limited liability companies may be served in a judicial district of the United States "in the manner prescribed by [Rule 4(e)(1) of the Federal Rules of Civil Procedure] for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Service may also be completed following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1)

> New York state law allows service on limited liability companies
>
> by delivering a copy personally to. . . any . . . agent authorized by appointment to receive process, or . . . to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant

N.Y. C.P.L.R. 311-a (McKinney 2025).

Virginia, where Plaintiffs attempted service, provides for "personal service on . . . the registered agent of [a] limited liability company," for substituted service on limited liability companies in accordance with Virginia Annotated Code § 13.1-1018, and—"[i]f the address of the registered office of the corporation or limited liability company is a single-family residential dwelling"—by substituted service on the "registered agent of the . . . limited liability company in the manner provided by subdivision 2 of [Virginia Annotated Code] § 8.01-296. Va. Code Ann. § 8.01-299 (West 2024).

Virginia Annotated Code § 13.1-1018 provides that "whenever [a limited liability company's] registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the [Virginia State Corporation] Commission shall be an agent of the limited liability company upon whom service may be made."

5

Subdivision 2 of Virginia Annotated Code § 8.01-296 allows substituted service if "the party to be served is not found at his usual place of abode" by serving "any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older" or if that cannot be done, by posting a copy of the service at the main entrance of that usual "place of abode."

Here, the serving papers were not personally served on Ms. Wickline as required by federal, New York, and Virginia law. *See* Fed. R. Civ. P. 4(h) (requiring "deliver[y to an] . . . agent authorized by appointment or by law to receive service of process"); N.Y. C.P.L.R. 311-a (McKinney 2025) (requiring the serving papers be "deliver[ed] . . . personally"; Va. Code Ann. § 8.01-299 (West 2024) (requiring "personal service"). In addition, the clerk of the Virginia State Corporation Commission was not served. *See* Va. Code Ann. § 13.1-1018 (West 2024) (allowing service on "the clerk of the [Virginia State Corporation] Commission"). Finally, the substituted service requirements were not satisfied because the papers were not served at Ms. Wickline's "usual place of abode" given that the process server received information that she now lives in Florida. *See* Va. Code Ann. § 8.01-296 (West 2024) (requiring that "the party to be served is not found at his usual place of abode").

Fenix was therefore never properly served with the papers. Accordingly, under Local Rule 55.1, the entry of default is vacated, and the motion for default judgment is denied.

6

IV.  **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the Plaintiffs' Motion, Dkt. No. 83, is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the entry of default, Dkt. No. 82, is **VACATED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 1, 2025

Elizabeth C. Coombe
U.S. District Judge