UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARWIN JIMENEZ AMADOR, et al.,

                                        Plaintiffs,                    6:24-cv-785
                                                                       (ECC/MJK)
v.

FOX BUILDING GROUP, INC.,

                                        Defendant.

---

Craig J. Curwood, Esq., *for Plaintiffs*
Charles C. Spagnoli, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this action, Plaintiffs Darwin Jimenez Amador,[1] Wilmer Orellana, David Aguilera Alvarez, Robinson Aguilera Rivas, Olvan Cruz Mejia, Edwin Garcia Molina, Jecson Gonzalez Machado, German Hernandez Castro, Claudia Orellana Gomez, Jonathan Castillo Lopez, Franklin Lainez Ordonez, the Estate of Melvin Orellana, Jose Lainez, Junior Gonzalez, and Luis Orellana Martinez assert claims against Defendant Fox Building Group, Inc. for improperly paid overtime in violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., and the New York Labor Law. Dkt. No. 104 (Second Amended Complaint). Opt-in Plaintiffs Jorge Amaya, Jeremias Cardona, Eliu Cardona Alvarado, Jose Pineda, Ada Membreno Portillo, and Jose Juarez joined this action by the filing of consent forms. *See* Dkt. Nos. 27-31.[2] Presently before the Court

---

[1] Darwin Jimenez Amador was previously misnamed in this action as Darwin Jimenez Vega. *See* Dkt. Nos. 121, 122.

[2] A consent form was also filed on behalf of "Fernando Pineda." Dkt. No. 32. Plaintiffs have clarified that Fernando Pineda is the same individual as Jose Pineda, whose full name is Jose Fernando Pineda Vallecillo. *See* Dkt. No. 124.

is the parties' joint motion for approval of their settlement agreement. Dkt. No. 118; *see also* Dkt. Nos. 125, 127. For the following reasons, the parties' motion is granted.

## I.    BACKGROUND

As alleged in the Second Amended Complaint, the operative pleading, Defendant is a subcontractor who contracts with general contractors on construction projects to provide framing, drywall, and ceiling work. Dkt. No. 104 ¶ 19. Defendant then contracts with various labor brokers to provide laborers. *Id.* at ¶ 20. Plaintiffs were such laborers hired to perform this work "for the benefit of" Defendant and its labor brokers. *Id.*

Plaintiffs allege that they "received their straight time rates, between $15.00 and $30.00 per hour, for all hours worked, regardless of the number of hours worked." *Id.* at ¶ 29. Thus, although Plaintiffs worked more than forty hours per week, they were not paid "overtime at a time and a half rate for hours worked over forty (40)." *Id.* at ¶¶ 32-33. The Second Amended Complaint asserts claims for failure to pay overtime compensation under the FLSA, failure to pay overtime under the New York Labor Law, and untimely payment of wages under the New York Labor Law. *Id.* at ¶¶ 86-105.

After the benefit of discovery, the parties reached a settlement of this action. *See* Dkt. No. 118-3 (Settlement Agreement). Under the terms of the Settlement Agreement, in exchange for dismissal of this action with prejudice and a general release, Defendant agrees to pay Plaintiffs $57,350.00 (the Settlement Amount). *Id.* at 1-3. Of the Settlement Amount, $22,940.00 is for attorneys' fees and costs, $1,000 is a service award to named Plaintiff Darwin Jiminez Amador, and the remaining $33,410.00 is to be divided among Plaintiffs. *Id.* at 3; *see also* Dkt. No. 125-1 (Schedule A to the Settlement Agreement setting forth allocations).

## II.    DISCUSSION

### A.    Standard of Review

The Second Circuit has held that "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)). Courts typically evaluate the fairness of a settlement agreement by considering the *Wolinsky* factors, which include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012)). Finally, a district court must also evaluate the reasonableness of attorneys' fees and costs if they are provided for in the settlement agreement. *Id.*; *see* 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

### B.    *Wolinsky* Factors

After consideration, the Court concludes that all five *Wolinsky* factors weigh in favor of approval of the Settlement Agreement. First, Plaintiffs' *pro rata* shares of the Settlement Amount will range from approximately $225.71 to $2,617.71, and the average individual share will be approximately $1,590.95. Dkt. No. 118-2 at 7-8; Dkt. No. 125-1. Plaintiffs assert that they used estimates of their amounts of overtime worked to determine these figures based on their individual hourly wages, given the lack of precise records and scarcity of wage and hour data available. Dkt.

No. 118-2 at 7-8. Because the lack of complete and accurate data and documentation could minimize Plaintiffs' possible recovery, the total Settlement Amount appears fair and reasonable.

The second and third factors also support approval. The parties recognize that the Settlement Agreement allows them to avoid the "likely . . . protracted legal arguments as to whether or not the Defendant was Plaintiffs' employer," which would also necessitate the "taking of several depositions." *Id.* at 8. Plaintiffs recognize the serious litigation risk that Defendant could prevail on its argument that it was not Plaintiffs' employer, in which case Plaintiffs would not recover anything. *Id.* at 9. Defendant likewise recognizes that it could be found to be Plaintiffs' employer and have the burden of disputing Plaintiffs' estimations of overtime worked. *Id.*

The fourth and fifth *Wolinsky* factors likewise favor approval. The Settlement Agreement is the product of arm's-length bargaining between counsel who are experienced in these types of cases. And there is no evidence suggesting any fraud or collusion; rather, the Settlement Agreement was reached only after negotiations and analysis of the strengths and weaknesses of the parties' respective positions in anticipation of a mediation. *See id.* at 10-11.

Accordingly, the Court finds that the Settlement Amount of $57,350.00 is reasonable.

### C.    Attorneys' Fees and Costs

If attorneys' fees and costs are provided for in an FLSA settlement, the district court must also evaluate the reasonableness of those fees and costs. *Fisher*, 948 F.3d at 600. The "fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Id.* Here, the Settlement Agreement provides for an award of $22,940.00 for both fees and costs.

#### 1.    Costs

Plaintiffs' counsel has provided an itemization of costs incurred in litigating this matter totaling $1,458.85 with supporting receipts and documentation. Dkt. No. 125-2 at 14-15; Dkt. No. 127-1. The expenses relate to filing fees, service fees, postage, and documents related to pro hac

4

vice applications. *See id.* These expenses are "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600. Accordingly, the requested costs are reasonable.

### 2.    Attorneys' Fees

"A district court has broad discretion to determine what constitutes a reasonable award for attorneys' fees." *Kirby v. FIC Restaurants, Inc.*, No. 19-cv-1306 (FJS/ML), 2020 WL 5791582, at *4 (N.D.N.Y. Sept. 28, 2020) (citation omitted). The Court "may award fees using the lodestar method, where the Court multiples the reasonable hourly rate by the hours expended on the case or award fees based upon a percentage of the common fund." *Id.* (citation omitted). The "trend" in cases of this nature "is to award fair and reasonable fees using the 'percentage of recovery method.'" *Id.* (citation omitted).

Here, after accounting for the payment of costs, the attorneys' fees Plaintiffs' counsel are to receive under the Settlement Agreement amounts to approximately 37.5% of the total Settlement Amount. Plaintiffs' counsel submitted its time entries documenting the work performed by each attorney on this matter. Dkt. No. 125-2 at 2-14; *see Fisher*, 948 F.3d at 600 (requiring "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done"). Fee awards of one-third of a total settlement are routinely approved in this Circuit, and the Second Circuit has explained that "[i]n most FLSA cases, it does not make sense to limit fees to 33% of the total settlement" given that recoveries can be limited. *Fisher*, 948 F.3d at 603-04. Accordingly, a fee award amounting to 37.5% of the total recovery is reasonable in this case. *See, e.g.*, *Krasnansky v. JCCA*, No. 22-cv-6577, 2023 WL 6141240, at *6 (S.D.N.Y. Sept. 20, 2023) (noting that fee request for 33% of the total settlement was "in line with common practice in the Second Circuit").

Even where "fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar 'cross-check' and 'compare the fees generated by the percentage method with those generated by the lodestar method.'" *Mendoza v. A.P.P.I. Mgmt. Corp.*, No. 22-cv-2179, 2023 WL 4471944, at *4 (E.D.N.Y. July 11, 2023) (citation omitted). Here, as of the time of the filing of the parties' joint motion for approval, Plaintiffs' counsel had expended 183.5 hours on this matter. *See* Dkt. No. 118-2 at 5. A review of counsel's time entries, Dkt. No. 125 at 2-14, indicates that the time expended was reasonable.

Further, for purposes of the lodestar calculation, counsel requests that attorneys Zev Antell and Craig Curwood be given a reduced hourly rate of $350 and attorney Samantha Galina a reduced hourly rate of $200.[3] Dkt. No. 118-2 at 5. These rates have been found reasonable in this district. *See Davis v. XPW Wrestling Inc.*, No. 23-cv-675 (FJS/MJK), 2024 WL 3043407, at *6 (N.D.N.Y. June 18, 2024) ("Cases in this district have found reasonable rates to generally be $275-$350 for experienced partners, $165-$200 for junior associates, and $90 for paralegals."). Multiplying these hourly rates by the hours expended results in a lodestar figure of $50,875, well above the attorneys' fees allocated under the Settlement Agreement. Further, the fee award under the Settlement Agreement represents a multiplier of approximately .42, which is lower than lodestar multiplier found reasonable in similar cases. *See, e.g.*, *Retiree Benefit Tr. of City of Baltimore v. Malibu Boats, Inc.*, No. 24-cv-3254, 2026 WL 508559, at *3 (S.D.N.Y. Feb. 24, 2026) (finding multiplier of 1.34 to be reasonable).

Accordingly, the Court concludes that the attorneys' fees and costs are reasonable given the nature of the case and the amount of time expended. The finding of reasonableness is "further

---

[3] Mr. Curwood's regular rate is $575, Mr. Antell's is $525, and Ms. Galina's is $375. Dkt. No. 118-2 at 5 n.2.

supported by the fact that the parties have agreed that this amount fairly compensates counsel for the work performed." *Peterson v. Lab'y Corp. of Am. Holdings*, No. 20-cv-1056 (MAD/TWD), 2021 WL 5979342, at *3 (N.D.N.Y. Dec. 17, 2021).

### D.    Service Award

"Service awards are common in class actions [and FLSA] cases and are important to compensate plaintiff for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant and any other burdens sustained by the plaintiff." *Kirby*, 2020 WL 5791582, at *5 (citation and internal quotation marks omitted). Here, the parties have agreed to a $1,000 service award for named Plaintiff Darwin Jimenez Amador. Plaintiffs' counsel attests that Mr. Jiminez Amador was "instrumental" in initiating and prosecuting this suit and that he spent time meeting with counsel, helped locate Plaintiffs, and assisted with language barriers. Dkt. No. 118-2 at 12-13. The Court finds that this agreed-upon service award is fair and reasonable. *See Kirby*, 2020 WL 5791582, at *5 (approving $5,000 service award for each of the named plaintiffs).

### III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the parties' joint motion for approval of their settlement agreement, Dkt. No. 118, is **GRANTED**; and it is further

**ORDERED** that the Settlement Agreement is **APPROVED**; and it is further

**ORDERED** that the parties are directed to take the necessary steps to effectuate the terms of the Settlement Agreement; and it is further

**ORDERED** that as required by the Settlement Agreement, Plaintiffs will provide a stipulation dismissing this case with prejudice which the attorneys will hold in escrow until payments have been made and then file with the Court; and it is further

**ORDERED** that the Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____

Elizabeth C. Coombe
U.S. District Judge